FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2018 NOV -1 PM 1: 16

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

Civil Case Number: 3:18-cv-1287-J-39JBT

Jasmine Hapgood,

      Plaintiff,

vs.

Realpage Inc. dba Leasingdesk Screening,

      Defendant.

## COMPLAINT

For this Complaint, Plaintiff, Jasmine Hapgood, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4. Plaintiff, Jasmine Hapgood ("Plaintiff"), is an adult individual residing in Jacksonville, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, Realpage Inc. dba Leasingdesk Screening ("Realpage" or "Defendant"), is a Texas business entity with an address of 2201 Lakeside Boulevard,

Richardson Texas 75007-1915. Realpage is a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) and a reseller as the term is defined by 15 U.S.C. § 1681(a)(u). Realpage is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. Within the last year, Plaintiff became interested in relocating and began apartment hunting.

7. In July 2018, the apartment community Plaintiff was interested in submitted Plaintiff's information to Defendant for a routine background check.

8. Defendant performed the background check and furnished the results to the apartment community.

9. Upon receipt of the report, Plaintiff was denied the apartment.

10. However, the information provided by Defendant is inaccurate.

11. The report lists two eviction cases against Plaintiff. However, the report does not list that the eviction proceedings were dismissed.

12. In addition to being denied housing, Plaintiff has suffered actual damages in the form of harm to reputation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

13. Defendant failed to take any steps to verify the accuracy of the information contained in Plaintiff's report.

14. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard of federal law.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT –
## 15 U.S.C. § 1681, *et seq.*

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. 15 U.S.C. § 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

17. In addition, 15 U.S.C. § 1681d(d)(3) provides that "a consumer reporting agency shall not furnish an investigative consumer report that includes information that is a matter of public record and that relates to an arrest, indictment, conviction, civil judicial action, tax lien, or outstanding judgment, unless the agency has verified the accuracy of the information during the 30-day period ending on the date on which the report is furnished."

18. Defendant violated §§ 1681e(b) and 1681d(d)(3) of the FCRA by failing to follow reasonable procedures to assure maximum accuracy of the information contained in its report and by failing to verify the accuracy of the information contained in its report.

19. These failures directly prevented Plaintiff from securing housing, which has damaged Plaintiff.

20. As a result of Defendant' violations of §§ 1681e(b) and 1681d(d)(3) of the FCRA, Plaintiff is entitled to damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(B);

2. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

3. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

4. Attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 24, 2018

Respectfully submitted,

By  /s/ *Tamra Givens*
Tamra Givens, Esq.
Florida Bar No. 657638
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
tgivens@lemberglaw.com